IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Benjamin Smalls,<br><br>        Petitioner,<br>  v.<br><br>Warden of Lieber Correctional Institution,<br><br>        Respondent | Case No. 5:22-cv-02060-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge recommending that the Court dismiss this action with prejudice for failure to prosecute. (Dkt. No. 29). For the reasons set forth below, the Court adopts the R & R as the order of the Court.

**I.    Background**

Petitioner, proceeding *pro se*, filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 26, 2022, Respondent filed a Return and Motion for Summary Judgment. (Dkt. Nos. 20, 21). The Court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the importance of such motions and of the need for him to file adequate responses. (Dkt. No. 22). Petitioner was specifically advised that if he failed to respond adequately, Respondent's motion may be granted, thereby ending this case. Petitioner still failed to respond to Respondent's motion.

The Court later directed Petitioner to advise the court whether he wished to continue his case and further advised that if he failed to respond to the Court's order this action would be recommended for dismissal with prejudice for failure to prosecute. (Dkt. No. 25). Petitioner did not file a response.

1

The Magistrate Judge issued an R & R recommending that the Court dismiss this action with prejudice for failure to prosecute. The matter is now ripe for the Court's review.

## II.  Standard

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). Plaintiff has not filed objections in this case and the R & R is reviewed for clear error.

## III.  Discussion

An action may be dismissed pursuant to Rule 41 of the Federal Rule of Civil Procedure for failure to prosecute or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). In considering whether to dismiss an action pursuant to Rule 41(B), the court is required to consider four factors; "(1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the history of the plaintiff in proceeding in a dilatory manner; and (4) the existence of less drastic sanctions other

than dismissal." *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (internal quotation marks omitted). Here, Petitioner, proceeding *pro se*, is entirely responsible for his failure to respond to Respondent's motion for summary judgment or the Court's orders requiring him to respond. The motion for summary judgment has been pending for over three months with no response from Petitioner. No reasonable sanctions other than dismissal are available to the Court. Indeed, when the Magistrate Judge finally recommended dismissal of the petition as a sanction, Petitioner offered no objection. Accordingly, Petitioner has abandoned his petition for habeas relief.

IV. **Certificate of Appealability**

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.2d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

V. **Conclusion**

For the foregoing reasons, the Court **ADOPTS** the R & R as the Order of the Court and **Dismisses** the petition.

**AND IT IS SO ORDERED.**

                                             s/ Richard Mark Gergel
                                             Richard Mark Gergel
                                             United States District Judge

January 17, 2023
Charleston, South Carolina